IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| **RONALD SHAPIRO,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**DOMAIN CULINARY GROUP, LLC,**<br><br>       **Defendant.** | **CIVIL ACTION NO. 4:21-cv-03139**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

RONALD SHAPIRO, ("Shapiro" or "Plaintiff"), by and through his attorney of record, hereby complains of DOMAIN CULINARY GROUP, LLC. d/b/a Cyclone Anaya's Tex-Mex Cantina ("Cyclone Anaya's" or "Defendant"), and for cause of action would show as follows:

### 1. INTRODUCTION

1.1. Defendant denied Plaintiff a reasonable accommodation in the form of post-surgery leave for Plaintiff's disability, and terminated Plaintiff's employment because of his disability and his requests for leave, in violation of the Americans with Disabilities Act ("ADA").

1.2. Defendant interfered with Plaintiff's right to return to his position or an equivalent position following his taking medical leave to which he was entitled under the Family and Medical Leave Act of 1993 ("FMLA"), in violation of the FMLA. Defendant terminated Plaintiff in retaliation for exercising his right to take medical leave, in violation of the FMLA.

1.3. This action seeks back pay and front pay, lost benefits, compensatory damages, liquidated damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, reinstatement, and all other damages permitted at law or in equity.

## 2. PARTIES

2.1. Plaintiff is a resident of Harris County, Texas.

2.2. Defendant is a Texas limited liability corporation, authorized to do and conducting business in the State of Texas for profit. Defendant may be served via its registered agent for service of process, Rico Valencia, 5761 Woodway, Houston, Texas 77057, USA.

## 3. JURISDICTION

3.1. This action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas—Houston Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. FACTS

4.1. Plaintiff Ronald Shapiro ("Shapiro") worked for Cyclone Anaya's for almost nine years, from 2011 until he was terminated on March 24, 2020. Shapiro served as Chief Financial Officer of Cyclone Anaya's throughout the duration of his employment.

4.2. In October 2019, Shapiro began experiencing serious issues with his hands and legs. In particular, Shapiro's condition severely limited him in his ability to walk. Shapiro's doctor diagnosed him with congenital spinal stenosis.

4.3. In late December, 2019 or early January, 2020, Shapiro informed Rico Valencia ("Valencia"), Owner of Cyclone Anaya's, of his disability and that he would need major surgery for his disability in the near term. Shapiro explained that he would need to take at least a month of leave to allow him to recuperate before returning to work.

4.4. Shapiro had emergency surgery on February 3, 2020. Shapiro required additional time to recuperate. On March 6, 2020, Shapiro was tentatively given permission to return to work part time beginning March 16, 2020.

4.5. On Monday, March 16, 2020, Shapiro called Valencia and left a voicemail stating that he was ready to start working part time that week, and that he wanted to discuss certain accommodations which he needed, at least temporarily.

4.6. Valencia never returned Shapiro's call.

4.7. Instead, on March 18, 2020, Shapiro received an email from Kim Gray ("Gray"), who handles Human Resources for Cyclone Anaya's. Gray claimed in the email: "We sent you … the remaining forms that were needed to be able to cover your leave as FMLA. As of today 3/18/2020 we have not received the remaining forms or any communication from you related to this paperwork."

4.8. Despite Gray's March 18, 2021 representation to Shapiro that he was eligible to apply for FMLA leave, it was impossible for Shapiro to have returned FMLA forms by March 18, 2020, because Shapiro had not received any such forms before March 18, 2020.

4.9. On Monday, March 23, 2020, Gray emailed Shapiro that his FMLA leave was "denied" because Cyclone Anaya's had not received his completed FMLA forms. The FMLA forms were finally delivered to Shapiro a few hours before his leave was denied. Regardless, Shapiro had them completed and timely returned the FMLA forms on April 7, 2020.

4.10. On Tuesday, March 24, 2020, during Shapiro's protected medical leave and just eight days after Shapiro sought to return to work and informed Valencia of his need for continued reasonable accommodations, Shapiro was informed that he was terminated.

4.11. In the termination email, Vienna Valencia Bement ("Bement"), Administrator, stated that the reason for termination was that because of Covid-19, "We have reduced our corporate staff by half." However, Shapiro was the only one terminated from the corporate staff, from a total of six employees.

4.12. Shapiro has since found out that after his termination, Cyclone Anaya's hired additional employees to perform his duties.

4.13. Cyclone Anaya's actions violate the Americans with Disabilities Act, as amended, and the Family and Medical Leave Act. Shapiro understood, based on Cyclone Anaya's representations that he was eligible for leave under the Family and Medical Leave Act. Shapiro was told to apply for leave under the FMLA by Cyclone Anaya's' Human Resources, who provided him with the FMLA forms.

4.14. Other options were available, instead of continued medical leave, for Shapiro to continue to treat his condition, such as accommodations including part time work and/or remote work.

4.15. Shapiro relied, to his detriment, on Cyclone Anaya's representation that he was an eligible employee under the FMLA. Had Shapiro been informed that he did not qualify for FMLA leave, he would have pursued continuing treatment options other than FMLA leave.

4.16. Shapiro was not terminated for any legitimate business reason. Shapiro was terminated because of his disability, because of his requested accommodations, and because he requested protected FMLA leave. Cyclone Anaya's interfered with Shapiro's entitlement to continued FMLA leave and reinstatement following FMLA leave, and illegally denied him reinstatement.

4.17. Cyclone Anaya's' actions in terminating Shapiro and denying him reinstatement were taken willfully and maliciously in the face of its knowledge of its legal obligations.

## 5. CAUSES OF ACTION: DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

5.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2. Plaintiff had a disability. Cyclone Anaya's regarded Plaintiff as disabled.

5.3. Plaintiff was qualified for his position.

5.4. Defendant discriminated against Plaintiff and terminated Plaintiff because of his disability and/or perceived disability.

5.5. Defendant failed or refused to make a reasonable workplace accommodation to a known physical or mental limitation of Plaintiff, an otherwise qualified employee with a disability.

5.6. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to his professional reputation. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

## 6. CAUSES OF ACTION: INTERFERENCE AND RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

6.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

6.2. Defendant is a covered employer under the FMLA.

6.3. Plaintiff was an eligible employee as that term is defined under the FMLA.

6.4. Alternatively, Defendant is estopped from claiming that Plaintiff is not an eligible employee, due to its representations to Plaintiff that he was an eligible employee under the FMLA, and because Plaintiff reasonably relied on these representations to his

detriment. *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006).

6.5. Plaintiff gave proper notice of his need for leave under the FMLA.

6.6. Plaintiff was entitled to take leave under the FMLA.

6.7. Defendant denied Plaintiff FMLA leave to which he was entitled under the FMLA.

6.8. Defendant also denied Plaintiff the right to reinstatement following his leave to which he was entitled under the FMLA. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

6.9. Defendant's denial of Plaintiff's rights under the FMLA caused him prejudice.

6.10. Plaintiff engaged in protected activity under the FMLA by requesting leave under the FMLA.

6.11. Defendant terminated Plaintiff in retaliation for seeking leave under the FMLA, 29 U.S.C. § 2601, *et seq.* It is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA leave.

6.12. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to his professional reputation. Plaintiff also sues for the recovery of punitive and/or liquidated damages as authorized by statute.

## 7. JURY DEMAND

7.1. Plaintiff hereby demands a jury.

## 8. PRAYER

8.1. Plaintiff respectfully prays for the following relief:

    8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

    8.1.2. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the ADA;

8.1.3.  Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the FMLA;

8.1.4.  Pre-judgment interest at the highest legal rate;

8.1.5.  Post-judgment interest at the highest legal rate until paid;

8.1.6.  Back-pay;

8.1.7.  Front-pay;

8.1.8.  Lost benefits in the past and future;

8.1.9.  Damages for emotional distress and mental anguish in the past and future;

8.1.10. Liquidated damages;

8.1.11. Exemplary damages;

8.1.12. Reinstatement;

8.1.13. Attorneys' fees;

8.1.14. All costs of court;

8.1.15. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Dorian Vandenberg-Rodes*
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF